## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **DEONTAE L. HUDSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. 2:23-cv-436-MHT-CWB |
| | ) |
| **KILBY CORRECTIONAL FACILITY,** | ) |
|  et al., | ) |
| | ) |
|     **Defendants.** | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

The court previously directed Plaintiff to file a response to Defendants' Special Report no later than December 8, 2023. (Doc. 15). That deadline has now expired without any action—notwithstanding the admonition that "[i]f Plaintiff fails to file a response in support of each of his claims, the court will view such failure as an abandonment of the unaddressed claims and/or as a failure to prosecute." (*Id.*). Indeed, Plaintiff was expressly cautioned that "his wholesale failure to file a response will result in a recommendation that the lawsuit be dismissed." (*Id.*).

The Magistrate Judge construes Plaintiff's failure as reflecting a lack of interest in the continued prosecution of this lawsuit, which cannot proceed absent Plaintiff's active participation. Under the circumstances presented, *i.e.*, where Plaintiff has exhibited willful contempt for the court's directive to respond, the Magistrate Judge finds that lesser sanctions than dismissal would not be appropriate. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where the litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this lawsuit be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **January 5, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 18th day of December 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**